

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Charles Porter, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 6:17-01357-MGL |
| SPAN-AMERICA MEDICAL SYSTEMS, INC., THOMAS D. HENRION, JAMES D. FERGUSON, THOMAS F. GRADY, RICHARD C. COGGINS, ROBERT H. DICK, DAN R. LEE, LINDA D. NORMAN, THOMAS SULLIVAN, and TERRY ALLISON RAPPUHN, | § § § § § § § § § | |
| Defendants. | § § | |

## MODIFIED ORDER REGARDING THE STIPULATION OF DISMISSAL

**WHEREAS**, on May 25, 2017, Plaintiff Charles Porter ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in a Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") filed with the U.S. Securities and Exchange Commission (the "SEC") in connection with a proposed merger between Span-America Medical Systems, Inc. and Savaria Corporation (the "Proposed Transaction");

**WHEREAS**, the Action asserts claims for violations of sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934 against Span-America Medical Systems, Inc. ("Span-

America" or the "Company") and the members of the Company's Board of Directors (together with Span-America, the "Defendants");

**WHEREAS**, on May 26, 2017, Plaintiff filed a Motion for a Temporary Restraining Order, seeking an order: (i) temporarily restraining Defendants from consummating the ongoing tender offer, pending expedited discovery and a hearing on Plaintiff's forthcoming motion for a preliminary injunction; (ii) permitting limited expedited discovery; and (iii) scheduling a prompt post-expedited discovery hearing on the forthcoming motion for a preliminary injunction (the "TRO Motion");

**WHEREAS**, on May 30, 2017, the Court entered an Order scheduling a hearing on Plaintiff's TRO Motion for June 1, 2017;

**WHEREAS**, on May 31, 2017, the Court entered an Order rescheduling the hearing on Plaintiff's TRO Motion for June 8, 2017;

**WHEREAS**, on June 5, 2017, Span-America filed an amendment to the Recommendation Statement that supplemented the Recommendation Statement with certain additional information relating to the Proposed Transaction that addresses and moots all claims asserted in this action (the "Supplemental Disclosures");

**WHEREAS**, on June 5, 2017, Plaintiff filed a notice withdrawing his TRO Motion as moot and requesting that the Court cancel the hearing scheduled for June 8, 2017;

**WHEREAS**, on June 16, 2017, as a result of the closing of the tender offer and completion of the Proposed Transaction, the Company became an indirect, wholly-owned subsidiary of Savaria;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Span-America to file the Supplemental Disclosures with the SEC and that Plaintiff's counsel have the right to seek

and recover an award of attorneys' fees and expenses in connection with a claimed common benefit provided to Span-America's shareholders as a result of the filing of the Supplemental Disclosures ("Fee Award"), and Plaintiff's counsel have informed Defendants that, if their claim for a Fee Award cannot be resolved through negotiations between counsel for Plaintiff and Defendants, then Plaintiff intends to petition the Court for such fees and expenses (the "Fee Application");

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures mooted the claims set forth in the Complaint, and that remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to the Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any Fee Application or Fee Award;

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, the parties intend to meet and confer concerning the amount of any Fee Award, and, in case the parties are unable to reach an agreement, the parties respectfully request that this Court retain jurisdiction over the prospective Fee Application; and

**WHEREAS**, no class has been certified in the Action; and

**WHEREAS**, the Defendants have previously denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious.

**NOW, THEREFORE**:

1. Plaintiff hereby voluntarily dismisses the above-captioned action without prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the

Action shall be so dismissed. The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. Consequently, the Court holds this action is hereby **DISMISSED WITHOUT PREJUDICE**. If the parties fail to reach an agreement concerning the Fee Award issue within sixty days, however, any party may petition the Court to reopen this action and restore it to the calendar.

3. By agreement of the parties, the Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

4. The dismissal shall be with prejudice if no action is taken within sixty days from the filing date of this order.

5. To the extent that the parties are unable to reach an agreement concerning a Fee Award and, if Plaintiff intends to file a Fee Application, then the parties shall contact the Court regarding a briefing schedule to present Plaintiff's Fee Application to the Court.

**IT IS SO ORDERED**.

Signed this 11th day of July 2017 in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE